## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT CALDWELL,

     Plaintiff,

    v.                             No. CIV 15-01104-WJ-WPL

LUNA COUNTY DETENTION
CENTER,

     Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. [Doc. 1]  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons set out below, Plaintiff's complaint will be dismissed and Plaintiff will be granted leave to file an amended complaint within thirty days of the date of this Order.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't*

*of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on July 14, 2013, Plaintiff physically was assaulted by another inmate while incarcerated at the Luna County Detention Center.  [Doc. 1]  The complaint seeks compensatory damages against Defendant Luna County Detention Center for injuries, pain, and suffering that Plaintiff sustained as a result of the attack.  [Doc. 1]

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000).  Although municipalities and local governments are "persons" who may be sued under § 1983, *see Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978), "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983."[1]  *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished).   Defendant Luna County Detention Center, as a governmental sub-unit, "is not a person or legally created entity capable of being sued."  *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3

---

[1] New Mexico state law governs the capacity of a governmental entity to be sued.  *See* Fed. R. Civ. P. 17(b).  Under New Mexico law, counties are granted the same powers as municipalities and, therefore, may sue and be sued.  *See* NMSA 1978, §§ 3-18-1(A); 4-37-1.  However, suits against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]."  NMSA 1978, § 4-46-1.

(10th Cir. June 21, 2000) (unpublished); *see also White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished).  Therefore, Plaintiff's § 1983 claim against Defendant Luna County Detention Center will be dismissed.

Plaintiff's complaint also appears to raise a claim against Defendant Luna County Detention Center under the New Mexico Tort Claims Act.  Title 28 of the United States Code, section 1367(c) provides that the Court may "decline to exercise supplemental jurisdiction over a claim," in relevant part, if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Defendant's § 1983 claim against Defendant Luna County Detention Center has been dismissed and, therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim.  Accordingly, Plaintiff's New Mexico Tort Claims Act claim against Defendant Luna County Detention Center will be dismissed without prejudice to his right to pursue this claim in state court.

The Court will grant Plaintiff leave to file an amended complaint within thirty (30) days of the date of entry of this Order identifying the person or persons allegedly responsible for the violation of his constitutional rights.  "[I]t is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim."  *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphasis in original).  Therefore, Plaintiff's amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  Failure to comply with this Order

may result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] is DISMISSED; and Defendant Luna County Detention Center is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint, within thirty (30) days from the entry of this Order, identifying the person or persons allegedly responsible for the violation of his constitutional rights.

_____

UNITED STATES DISTRICT JUDGE